IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01060-NYW

TED S. RICHAN,

 Plaintiff,

v.

AGEISS, INC.,

 Defendant.

---

### ORDER ON MOTION TO STAY DISCOVERY

---

Magistrate Judge Nina Y. Wang

 This matter comes before the court on the Joint Motion to Stay Proceedings Pending Ruling on Defendant's Motion to Compel Arbitration (the "Motion" or "Motion to Stay") [Doc. 56]. The undersigned Magistrate Judge fully presides over this matter pursuant to 28 U.S.C. § 636(c), the Parties' consent, [Doc. 48], and the Order of Reference for all purposes dated May 31, 2022. [Doc. 49]. Having reviewed the Motion, the Parties' briefing, the applicable case law, and the entire docket, the Motion to Stay is hereby **GRANTED**.

### BACKGROUND

 Plaintiff Ted S. Richan ("Plaintiff" or "Mr. Richan") was formerly employed by Defendant Ageiss, Inc. ("Defendant" or "Ageiss"), first as a senior consultant and then as the company's president. [Doc. 36 at ¶¶ 4, 7]. Plaintiff alleges that during his employment with Defendant, Defendant engaged in a pattern of retaliation, discrimination, unfair treatment, and harassment towards him before eventually wrongfully terminating him in retaliation for having initiated investigations of harassment and discrimination within the company. *See, e.g.*, [*id.* at ¶¶ 8, 12].

Plaintiff initiated this civil action on May 24, 2021 by filing his Complaint in the General Court of Justice for the Commonwealth of Puerto Rico. *See* [*id.* at 1]. Plaintiff raises two claims for relief: (1) a claim seeking severance pay under the Puerto Rico's Act No. 80, 29 L.P.R.A § 185a; and (2) retaliation under Puerto Rico's Act No. 115, 29 L.P.R.A. § 194, *et seq*. *See* [Doc. 36 at 6-7]. On June 7, 2021, Defendant removed this case to the United States District Court for the District of Puerto Rico. [Doc. 1]. Then, Defendant filed a Motion to Transfer Venue under 28 U.S.C. § 1404(a), requesting that the case be transferred to the District of Colorado. [Doc. 12 at 8].[1] The Motion to Transfer Venue was granted by the District of Puerto Rico on March 31, 2022, [Doc. 33], and the case was transferred to this District on May 2, 2022. [Doc. 34].

On May 20, 2022, Ageiss filed a Motion to Compel Arbitration. [Doc. 45]. In the Motion to Compel Arbitration, Ageiss argues that Mr. Richan entered into an employment agreement with Ageiss that "governs all matters relating to Richan's terms and conditions of employment" and "contains a voluntary agreement to arbitrate all disputes related to the [employment agreement] or Richan's employment." [*Id.* at 1]. Ageiss requests that the court enforce the arbitration clause, compel arbitration in this case, and dismiss Plaintiff's Complaint. [*Id.* at 1-2]. Mr. Richan opposes the Motion to Compel Arbitration, arguing that Defendant has not met its burden of demonstrating the existence of a valid arbitration agreement. *See generally* [Doc. 53].

Meanwhile, this court set a Scheduling Conference for June 14, 2022, [Doc. 43], which the Parties subsequently moved to vacate, requesting that the Conference be "rescheduled if necessary following determination of Defendant's Motion to Compel Arbitration." [Doc. 46 at

---

[1] Specifically, Defendant's motion sought to dismiss the case based on improper venue or, in the alternative, transfer venue. *See* [Doc. 12 at 1].

¶ 4]. The court granted the Parties' motion in part, continuing the Scheduling Conference to July 14, 2022. [Doc. 47]. However, the court advised the Parties that to the extent they wish to postpone discovery pending resolution of the Motion to Compel Arbitration, the Parties would be required to file a motion to stay discovery. [*Id.*].

The Parties filed the instant Motion to Stay on July 6, 2022. [Doc. 56]. The Parties jointly request that this court stay all discovery until the resolution of the Motion to Compel Arbitration, asserting that if the Motion to Compel Arbitration is granted, the arbitrator will oversee discovery in this matter. [*Id.* at 1]. The Parties argue that proceeding with discovery in this matter might prove wasteful and would thus not be in the best interests of the Parties or the court. [*Id.* at 1-2]. In support, the Parties contend that the Federal Arbitration Act ("FAA") "bars discovery or litigation regarding the merits of a lawsuit while a motion to compel arbitration of those claims is pending." [*Id.* at 3]. In addition, the Parties argue that *the String Cheese* factors weigh in favor of staying discovery in this matter. [*Id.* at 4]. Being fully advised in the premises, the court considers the Parties' arguments below.

## LEGAL STANDARD

"The Federal Rules of Civil Procedure do not provide for the stay of proceedings while a motion to dismiss is pending. Instead, Rule 1 instructs that the rules of procedure 'shall be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Sutton v. Everest Nat'l Ins. Co.*, No. 07-cv-00425 WYD BNB, 2007 WL 1395309, at *1 (D. Colo. May 9, 2007). However, the power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

3

When ruling on a motion to stay, courts weigh the following factors: (1) the plaintiff's interests in expeditiously litigating this action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest (the "*String Cheese* factors"). *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). "[S]tays of the normal proceedings of a court matter should be the exception rather than the rule," *Christou v. Beatport, LLC*, No. 10-cv-02912-CMA-KMT, 2011 WL 650377, at *1 (D. Colo. Feb. 10, 2011), and courts in this District generally disfavor stays. *See, e.g.*, *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). Nevertheless, a stay of discovery may be appropriate pending the resolution of a dispositive motion or a motion to compel arbitration. *See, e.g.*, *Bernal v. Burnett*, No. 10-cv-01917-PAB-KMT, 2010 WL 4792628, at *3 (D. Colo. Nov. 18, 2010); *Max Software, Inc. v. Computer Assocs. Int'l, Inc.*, 364 F. Supp. 2d 1233, 1238 (D. Colo. 2005).

## ANALYSIS

The Parties seek to stay discovery in the instant action, arguing that (1) the FAA requires that discovery be stayed pending resolution of the Motion to Compel Arbitration, and (2) the String Cheese factors weigh in favor of stay of discovery. [Doc. 56 at 3-4]. The court addresses these arguments below.

**I.     The Federal Arbitration Act**

First, the Parties maintain that a stay of discovery is required in this case because the FAA "bars discovery or litigation regarding the merits of a lawsuit while a motion to compel arbitration of those claims is pending." [Doc. 56 at 3]. The Parties do not cite to any provision in the FAA containing this bar, and the court respectfully disagrees with their interpretation of

4

the cases upon which they rely.  For example, in *Prima Paint Corp. v. Flood & Conklin Manufacturing Co.*, 388 U.S. 395 (1967), the Supreme Court held that in ruling on a motion to stay the proceedings pending an arbitration, the court "may consider only issues relating to the making and performance of the agreement to arbitrate." *Id.* at 404.  In other words, "in deciding whether the parties have agreed to submit a particular grievance to arbitration, a court is not to rule on the potential merits of the underlying claims." *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986).  But the court does not read these cases to expressly hold that discovery is barred by the FAA while a motion to compel arbitration is pending, as proceeding with discovery does not necessarily require the court to rule on the merits of any substantive claims.  And while the FAA requires a court to stay a proceeding "upon being satisfied that the issue involved in [the] proceeding is referable to arbitration," *see* 9 U.S.C. § 3, the court is not aware of any provision within the FAA that mandates a stay of discovery when a motion to compel arbitration is pending, prior to the court's determination of arbitrability.

The court agrees, however, that the existence of the pending Motion to Compel Arbitration may warrant staying discovery in this case.  To be sure, a stay is not warranted merely because Defendant filed a Motion to Compel Arbitration that it believes is dispositive of the matter.  *Cf. Church Mut. Ins. Co. v. Coutu*, No. 17-cv-00209-RM-NYW, 2017 WL 3283090, at *3 (D. Colo. Aug. 2, 2017) ("[N]o element of the *String Cheese* factors requires that this court make a preliminary determination as to the likelihood of success of either the dispositive motion or the ultimate merits of this case" when considering the appropriateness of a stay).  But if the Motion to Compel is granted, "requiring the [Parties] to conduct discovery . . . may 'unnecessarily subject them to the very complexities, inconveniences and expenses of litigation that they determined to avoid.'" *Valverde v. Xclusive Staffing, Inc.*, No. 16-cv-00671-RM-MJW,

2016 WL 8737774, at *2 (D. Colo. Nov. 4, 2016) (quoting *Cook v. Pensa, Inc.*, No. 13-cv-03282-RM-KMT, 2014 WL 1660480, at *2 (D. Colo. Apr. 25, 2014)). Moreover, if Plaintiff is compelled to arbitrate, the court will be required under the FAA to stay the proceedings pending the outcome of the arbitration. *See* 9 U.S.C. § 3. In light of these considerations, courts in this District have exercised their discretion to stay discovery pending the resolution of a Motion to Compel Arbitration. *See, e.g.*, *Valverde*, 2016 WL 8737774; *Stone v. Vail Resorts Dev. Co.*, No. 09-cv-02081-WYD-KLM, 2010 WL 148278 (D. Colo. Jan. 7, 2010); *Grosvenor v. Qwest Commc'ns Int'l, Inc.*, No. 09-cv-02848-WDM-KMT, 2010 WL 1413108 (D. Colo. Apr. 1, 2010). With this in mind, the court turns to the *String Cheese* factors to determine whether a stay of discovery is appropriate here.

## II.   The *String Cheese* Factors

***Plaintiff's Interest in Proceeding Expeditiously***. Plaintiff "undoubtedly ha[s] an interest in proceeding expeditiously in this matter." *Sanchez v. City & Cnty. of Denver*, No. 19-cv-02437-DDD-NYW, 2020 WL 924607, at *5 (D. Colo. Feb. 26, 2020). However, Plaintiff does not oppose a stay of discovery, and thus, it does not appear that he believes that his interests will be significantly harmed by a stay of discovery in this case. *Cf. Collins v. Dkl Ventures, LLC*, No. 16-cv-00070-MSK-KMT, 2016 WL 852880, at *2 (D. Colo. Mar. 4, 2016) (finding that, where the plaintiff did not oppose a stay of discovery, no prejudice would result from a stay). The court finds that this factor is neutral.

***The Burden on Defendant***. The court finds that the second *String Cheese* factor—the burden on Defendant—weighs in favor of a stay. Typically, "[t]he ordinary burdens associated with litigating a case do not constitute undue burdens." *Wells v. Dish Network, LLC*, No. 11-cv-00269-CMA-KLM, 2011 WL 2516390, at *1 (D. Colo. June 22, 2011). However, courts have

concluded that requiring a defendant to proceed with discovery while a motion to compel arbitration is pending may cause an undue burden on the defendant.  *See Stone*, 2010 WL 148278, at *2 (citing cases).  "[I]t is in both parties' interests to save expenses while the initial determination of whether this case is subject to arbitration is considered by the district court." *Grosvenor*, 2010 WL 1413108, at *1.  Accordingly, this factor weighs in favor of staying discovery.

    ***The Convenience to the Court***.  The third *String Cheese* factor also favors a stay.  Although courts in this District have recognized the "inconvenience[] [of] an ill-advised stay because the delay in prosecuting the case which results from imposition of a stay makes the Court's docket less predictable and . . . less manageable," *Arocho v. Nafzinger*, No. 07-cv-02603-REB-KLM, 2008 WL 5101701, at *1 (D. Colo. Dec. 1, 2008), "[t]he court's time is not well-served by being involved in possible discovery motions and other incidents of discovery" while the Motion to Compel Arbitration is pending.  *Grosvenor*, 2010 WL 1413108, at *2.  "[A] stay of proceedings may allow the Court to avoid expending resources in managing an action that ultimately will be dismissed." *Stone*, 2010 WL 148278, at *3.

    ***The Interests of Non-Parties and the Public Interest***.  The Parties do not identify any non-parties who may be affected by a stay in this matter. *See* [Doc. 56 at 5-6].  Accordingly, the court finds the fourth *String Cheese* factor neutral.  *See Minter v. City of Aurora*, No. 20-cv-02172-RM-NYW, 2021 WL 735910, at *9 (D. Colo. Feb. 25, 2021) (where no party had identified non-party interests, the fourth *String Cheese* factor was neutral).  Additionally, the Parties contend that the public's interest in the efficient and just resolution of this case weighs in favor of a stay, [Doc. 56 at 6], and the court agrees.  "'There is a strong federal policy favoring arbitration for dispute resolution,'" and "[a]llowing extensive discovery . . . while the Court

resolves a motion to compel arbitration could undermine that policy." *Stone*, 2010 WL 148278, at *4 (quoting Cherry *Creek Card & Party Shop, Inc. v. Hallmark Mktg. Corp.*, 176 F. Supp. 2d 1091, 1095 (D. Colo. 2001)).  For this reason, the court agrees with the Parties that the last *String Cheese* factor weighs in favor of granting the Motion to Stay.

In sum, while stays of discovery are typically disfavored in this District, the court finds that a stay is appropriate here pending the resolution of the Motion to Compel Arbitration.  In so ruling, the court does not pass on the merits of the Motion to Compel Arbitration or the Parties' related arguments.  For the reasons set forth in this Order, Motion to Stay is **GRANTED** and discovery in this matter is **STAYED** pending the resolution of the Motion to Compel Arbitration.  The Scheduling Conference set for July 14, 2022, as well as the Parties' deadline to submit a proposed Scheduling Order, are **VACATED**.  Finally, it is **ORDERED** that within **five business days** of this court's ruling on the Motion to Compel Arbitration, if that Motion is denied, the Parties shall jointly contact the undersigned's chambers to set a Scheduling Conference in this case.

## CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that:

(1) The Joint Motion to Stay Proceedings Pending Ruling on Defendant's Motion to Compel Arbitration [Doc. 56] is **GRANTED**;

(2) Discovery in this matter is hereby **STAYED** until this court rules on the Motion to Compel Arbitration [Doc. 45];

(3) The Scheduling Conference set for July 14, 2022, as well as the Parties' attendant deadline to submit a proposed Scheduling Order, are **VACATED**, to be reset if appropriate; and

(4) To the extent this court denies the Motion to Compel Arbitration, the Parties shall jointly contact the undersigned's chambers within **five business days** of any such ruling to set this matter for a Scheduling Conference.

DATED: July 7, 2022

BY THE COURT:

Nina Y. Wang
United States Magistrate Judge